1  Douglas C. Smith, Esq. (SBN 160013)
2  John R. Byerly, Esq. (SBN 340021)
   SMITH LAW OFFICES, LLP
3  4001 Eleventh Street
4  Riverside, CA 92501
   Telephone: (951) 509-1355
5  Facsimile: (951) 509-1356
6  dsmith@smitlaw.com
   jbyerly@smitlaw.com
7
8  Attorneys for Defendants
   COUNTY OF SAN LUIS OBISPO and PENNY BORENSTEIN
9
10
11                 UNITED STATES DISTRICT COURT
12
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

| 14 | Elijah Behringer, | ) | Case No.: 5:23-cv-00934-JFW(SKx) |
|---|---|---|---|
| 15 | | ) | |
| | Plaintiff, | ) | **DEFENDANTS COUNTY OF** |
| 16 | | ) | **SAN LUIS OBISPO AND** |
| | vs. | ) | **PENNY BORENSTEIN'S** |
| 17 | | ) | **RESPONSE TO PLAINTIFF'S** |
| 18 | California Polytechnic State University, | ) | **OBJECTIONS TO REPORT** |
| 19 | San Luis Obispo (Cal Poly); Cal Poly | ) | **AND RECOMMENDATION** |
| | President Jeffrey Armstrong, in his | ) | |
| 20 | official and individual capacity; Cal | ) | |
| 21 | Poly Administrator Tina Hadaway-Mellis, in her official and individual | ) | |
| 22 | capacity; et al. | ) | |
| 23 | | ) | |
| 24 | Defendants. | ) | |
| 25 | | ) | *Complaint filed 5/23/2023* |

26        Defendants COUNTY OF SAN LUIS OBISPO and PENNY BORENSTEIN

27  submit this response to Plaintiff's Objections to Magistrate Judge Kim's September 15

28  Report and Recommendation.

1
**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND PENNY BORENSTEIN'S**
**RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

**INTRODUCTION**

Judge Kim issued a comprehensive and well-reasoned Report and Recommendation dismissing Plaintiff's federal claims with prejudice and state claims without prejudice. Plaintiff's 26-page Objection fails to respond to the substance of that Report and instead presents Plaintiff's view of what the law should be. His objections are neither relevant nor valid and thus should be rejected. Accordingly, Judge Kim's Report and Recommendation should be adopted fully.

**ARGUMENT**

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Rudisill, 2006 WL 3147663, at *1 (D. Ariz. Nov. 1, 2006)). Rather than identify specific findings that Plaintiff objects to, Plaintiff instead writes a brief on his interpretation of the purpose and scope of the U.S. and California Constitution, Constitutional Rights, and the Court's duty regarding rulings in a 12(b)(6) motion. Plaintiff fails to respond with any valid or meritorious argument to Judge Kim's holding that he lacks standing to challenge the Covid-19 Health Orders, bases his Complaint on Constitutional Rights that are not established, and cannot establish facts that would satisfy the elements of his five Federal Counts.

First, Plaintiff does not reply in substance to Judge Kim's holding that Plaintiff lacks standing to challenge the Covid-19 Orders, as he cannot meet the "concrete and particularized" injury condition of standing to challenge the Covid-19 Orders. Rather than address this point, Plaintiff states that an exception to the standing requirements arises when the government's acts are illegal and unconstitutional. However, this argument was thoroughly refuted in Judge Kim's Report and Recommendation, and Plaintiff did not offer authorities to counter those raised by Judge Kim. As articulated by Judge Kim "there is no 'general liberty interest in being free from capricious

2

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND PENNY BORENSTEIN'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

government action' under the Fourteenth Amendment. Ulrich v. City & Cnty. of S.F., 308 F.3d 968, 976 n.5 (9th Cir. 2002)"; nor is there "any constitutionally protected property interest in being free of illegal decisions by public officials. R & R at 8, 9. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); Lone Star Sec. & Video, Inc. v. City of L.A., 584 F.3d 1232, 1236 (9th Cir. 2009)." Plaintiff's failure to substantively address this critical point of Judge Kim's report should constitute a waiver, and the Court should adopt Judge Kim's determination that Plaintiff lacked standing to bring his five Federal Counts.

Second, Plaintiff that he has a constitutionally protected right to liberty from Covid-19 masking, and property interest in his continued attendance at University with No Covid-19 restrictions. As Judge Kim astutely determined in his Report and Recommendation, there is no fundamental right to a university education under either the U.S. Constitution or State Law.  See Plyler v. Doe, 457 U.S. 202, 223 (1982); Gurfinkel v. L.A. Cmty. Coll. Dist., 121 Cal.App.3d 1, 6–7 (1981). There is also no constitutionally protected right to refuse vaccinations, Covid-19 testing, or masking indoors. See Jacobson v. Massachusetts, 197 U.S. 11, 25 (1905); Burcham v. City of L.A., 562 F.Supp.3d 694, 706 (C.D. Cal. 2022); Williams v. Brown, 567 F.Supp.3d 1213, 1226 (D. Or. 2021); Klaassen v. Trs. of Ind. Univ., 7 F.4th 592, 593 (7th Cir. 2021); see Guilfoyle v. Beutner, 2021 WL 4594780, at *16–17 (C.D. Cal. Sept. 14, 2021) (no fundamental right to not wear masks or not be screened); Health Freedom Def. Fund, Inc. v. City of Hailey, 590 F.Supp.3d 1253, 1266 (D. Idaho 2022) ("[M]ask-mandates are not a form of medical treatment that triggers a fundamental liberty interest"). Plaintiff does not identify a source for any of these rights in his Objection to Judge Kim's Report and Recommendation. Given that no such right exists, Plaintiff's causes of action for violation of his constitutionally protected rights should be dismissed according to Judge Kim's Report and Recommendation.

///

3

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND PENNY BORENSTEIN'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

As to Plaintiff's second Federal Count for violation of RICO, Plaintiff again fails to respond to the substance of Judge Kim's Report and Recommendation. Plaintiff does not address Judge Kim's determination that the RICO count cannot be brought, as the Defendants did not actually obtain the property of Plaintiff via Plaintiff's alleged "mass extortion." (FAC at 21). "Obtaining property requires not only the deprivation but also the acquisition of property. That is, it requires that the victim 'part with' his property, and that the extortionist 'gain possession' of it." R & R at 9; Sekhar v. United States, 570 U.S. 729, 734 (2013) (cleaned up). Here, Plaintiff does not claim that any of the Defendants actually obtained his property, instead he only alleges that he was deprived of his property interest right to continued, unrestricted University Education, and that the tuition he paid for his first two years of education prior to Covid-19 was essentially wasted.

As to Plaintiff's third, fourth, and fifth federal counts, Plaintiff fails to address both of Judge Kim's determinations that he does not have standing to bring an action under those three criminal statutes, and that he does cannot establish a violation of the three corresponding statutes. Plaintiff instead cites only an eastern district opinion stating that a Plaintiff's claims should not be automatically dismissed under Federal Rules of Civil Procedure, Rule 12(b)(6) unless "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Corrections USA v. Dawe, 504 F.Supp.2d 924, 934 (E.D. Cal. 2007). In this case, not only is there no private right of action for Plaintiff's third, fourth, and fifth Federal Counts, Plaintiff also does not present facts to support a cognizable legal theory to support these causes of action.

A required element of Plaintiff's third Federal Count for domestic terrorism under the USA PATRIOT Act § 802 is that the Defendant commit acts that are both dangerous to human life and a violation of the criminal laws of the United States. At no point in his pleadings does Plaintiff sufficiently allege that the acts of the

4

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND PENNY BORENSTEIN'S**
**RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendants were dangerous to human life, or that any of the Defendants violated a criminal law.

As to Plaintiff's Fourth Federal Count for Deprivation of Rights, as discussed above, Plaintiff fails to allege that any of his rights were deprived by any of the Defendants. As discussed above, Plaintiff did not have a property right to continued university education without Covid-19 restrictions, nor a liberty right to freedom from masking and Covid-19 testing, nor a right to a hearing prior to his alleged suspension from the University.

Finally, as to Plaintiff's Fifth Federal Count, Plaintiff cannot allege that any conspiracy to deprive Plaintiff's rights was on the basis of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." <u>Griffith v. Breckenridge</u>, 403 U.S. 88, 102 (1971). Plaintiff being part of a group of those who oppose Covid-19 Vaccinations, testing, and masking requirements does not constitute being a part of the class for purposes of 42 U.S.C. §1985, as Judge Kim discusses in his report and recommendation. R & R at 13, 14.

## CONCLUSION

Plaintiff contends that, under the standards of a Federal Rule 12(b)(6) Motion to Dismiss, his Complaint should not be dismissed. He maintains as it is too early to establish where under any state of facts which might be established at trial in support of a claim, he could be granted relief. However, even were the Court to adopt this standard, there is no state of facts that Plaintiff could establish at trial that could entitle Plaintiff to relief. Plaintiff has no standing to challenge the Covid-19 orders; bases his action on federal rights that are not guaranteed by the Constitution, statute, or caselaw; and cannot satisfy the elements for any of his five federal counts. Most critically, Plaintiff failed to comply with the requirements of an objection to Judge Kim's Report and Recommendation, choosing instead to write a non-responsive brief about what the law should be rather than identify specific objections to the Report and

5

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND PENNY BORENSTEIN'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Recommendation.

     For the foregoing reasons, the Report and Recommendation should be adopted in full.

DATED: October 13, 2023        SMITH LAW OFFICES, LLP

                     By  */ s / John R. Byerly*
                        Douglas C. Smith
                        John R. Byerly
                        Attorneys for Defendants
                        COUNTY OF SAN LUIS OBISPO and
                        PENNY BORENSTEIN

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND PENNY BORENSTEIN'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**