UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH BEHRINGER,<br><br>   Plaintiff,<br><br>  v.<br><br>CALIFORNIA POLYTECHNIC STATE UNIVERSITY, SAN LUIS OBISPO, et al.,<br><br>   Defendants. | Case No. 5:23-cv-00934-JFW (SK)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ECONSIDERATION [ECF 40]** |

  Plaintiff Elijah Behringer moves for reconsideration of the Court's October 16, 2023 order and judgment dismissing his pro se complaint. Since his motion was brought within 28 days of the Court's entry of judgment, the Court construes it as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). So construed, the motion provides no basis for relief and is therefore DENIED.

  Rule 59(e) motions are rarely granted "absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Because Rule 59(e) provides "an extraordinary remedy," it is "to be used sparingly in the interests of finality and conservation of judicial resources."

*Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quotations omitted).  Thus, relief under Rule 59(e) is available only when "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotations omitted); *see* C.D. Cal. L.R. 7-18.  Plaintiff's motion presents no newly discovered evidence or any intervening change in controlling law.  He also has not shown any clear error in the Court's judgment but simply repeats the same arguments that the Court has already rejected.

For all these reasons, Plaintiff's motion for reconsideration is DENIED.[1]  The hearing on the motion noticed for December 11, 2023 is VACATED.  No further motions or requests for relief from judgment will be entertained, so the Clerk's Office is instructed to reject any future filings in this closed case without need for additional court order.

IT IS SO ORDERED.

DATED: November 14, 2023

JOHN F. WALTER
United States District Judge

---

[1] The result would be no different under Federal Rule of Civil Procedure 60.  Like Rule 59(e), "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (cleaned up); *see Gonzalez v. Crosby,* 545 U.S. 524, 536 (2005) (reiterating that final judgment may be reopened under Rule 60(b) for "extraordinary circumstances" only).