**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIJAH BEHRINGER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CALIFORNIA POLYTECHNIC STATE UNIVERSITY SAN LUIS OBISPO, et al., <br><br> Defendants - Appellees. | No. 23-4162 <br><br> D.C. No. <br> 5:23-cv-00934-JFW-SK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Elijah Behringer appeals pro se from the district court's dismissal of his claims against California Polytechnic State University, San Luis Obispo; four university administrators; the County of San Luis Obispo; and the County health

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

officer ("defendants").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo dismissals under Rule 12(b)(1) and 12(b)(6).  *Banks v. N. Tr. Corp.,* 929 F.3d 1046, 1049 (9th Cir. 2019); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021).  We affirm.  Because the parties are familiar with the facts, we need not recount them here.

To the extent Behringer maintains the defendants violated federal or state law by enacting COVID health orders, he lacks standing to sue.  Behringer was no more particularly harmed by these allegedly *ultra vires* actions than other county residents or students, and a "generalized grievance" does not confer Article III standing.  *See Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575 (1992).  Behringer's only particularized injury—being denied an unconditional exemption to Cal Poly's COVID policy—is still impermissibly predicated on that policy being allegedly illegally enacted.

Even if Behringer could assert standing, he fails to state a claim for which relief can be granted.  Neither the liberty nor property prongs of the due process clause confer a right to attendance at a public state university exempted from campuswide health policies.  *See Plyler v. Doe*, 457 U.S. 202, 221 (1982) ("Public education is not a 'right' granted to individuals by the Constitution."); *Gurfinkel v. Los Angeles Cmty. Coll. Dist.*, 121 Cal. App. 3d 1, 5–10 (Ct. App. 1981) (fundamental state right to education does not extend to college); *Bd. of Regents of*

2                                                                                              23-4162

*State Colls. v. Roth*, 408 U.S. 564, 577 (1972) (property interests must come "from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits"). Behringer's complaint does not sufficiently allege the predicate act of "mass extortion"—as Behringer was never out any money for the semester he could not enroll—nor other predicate acts for a RICO claim.  His 42 U.S.C. § 1985(3) claim requires being denied equal protection because of race or membership in a group that similarly "warrant[s] special federal assistance in protecting their civil rights[,]" which does not apply here.  *Orin v. Barclay*, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001).  Finally, Behringer's other claims are based on statutes that do not provide a private right of action, as Behringer concedes in his opening brief as to the federal criminal statutes.

The district court was within its discretion to decline to exercise supplemental jurisdiction over the state law claims, because it "dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

**AFFIRMED.**